R. Terry Parker, Esquire
RATH, YOUNG & PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff
Lickerish, Ltd.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LICKERISH, LTD.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>REFINERY 29, INC.,<br><br>　　　　　Defendant. | **Case No.:** |

## COMPLAINT AND JURY DEMAND

Plaintiff, Lickerish, Ltd., ("Plaintiff"), by its undersigned attorneys, Rath, Young and Pignatelli, P.C., for its complaint against defendant Refinery 29, Inc. ("Defendant") alleges as follows:

### SUBSTANCE OF THE ACTION

1.　This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), 501 and 1202.

2.　Plaintiff seeks compensatory or statutory damages in an amount to be established at trial.

## PARTIES

3. Plaintiff is a limited company organized under the law of England with a principal place of business at 4A Tileyard Studios, Tileyard Road, N7 9AH, London, England, U.K.

4. Upon information and belief, defendant Refinery 29, Inc. is a Delaware Corporation with a principal place of business at 225 Broadway, 23rd Floor, New York, New York 10007.

## JURISDICTION AND VENUE

5. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*, 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338 (a) (jurisdiction over copyright actions).

6. Personal jurisdiction over Defendant is proper. Defendant is conducting business in and committing torts in this state, including without limitation Defendant's copyright infringement, which causes harm in this state and judicial district.

7. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.    Plaintiff's Business**

8. Plaintiff is a high-quality photographic syndication company that works to together with photographs to provide images to various media companies. Through its

extensive library of pictures of celebrities and models taken by internationally renowned photographers, Plaintiff has developed a large worldwide clientele and licenses its works for professional applications including editorial, advertising, corporate and non-profit use.

9. Andrea Carter-Bowman is also a renowned professional fashion and celebrity photographer. Her celebrated work has been published work in *Vogue, ELLE,* and *Maire Clair* has been licensed by Disney, Loreal, and others.

10. Ms. Carter-Bowman is the sole creator of a series of photographic images of the celebrity Charlotte "Lottie" Moss, including the image referenced as ACB_lottie_15-10-11_030_1CROP. The photographic image titled ACB_lottie_15-10-11_030_1CROP is an original work of authorship. Ms. Carter-Bowman is the sole owner of the copyrights in and to the photographic image referenced as ACB_lottie_15-10-11_030_1CROP.

11. Plaintiff is the exclusive licensee of the photographic image titled ACB_lottie_15-10-11_030_1CROP and is responsible for the exclusive administration, publication and enforcement of the copyrights in and to the photographic image referenced as ACB_lottie_15-10-11_030_1CROP.

12. On November 29, 2016, on behalf of Ms. Carter-Bowman, Plaintiff obtained a registration with the United States Copyright Office for the photographic image of Lottie Moss referenced as ACB_lottie_15-10-11_030_1CROP, Registration Number VA 1-798-041.

13. Jason Altaan is a renowned professional fashion and celebrity photographer. He is famous for his high impact imagery and has published work in *Vice*, *Galore*, *Fun Magazine*, *Saatchi Art*, and many others.

14. Mr. Altaan is the sole creator of a series of photographic images of the celebrity Paris Hilton, including the image referenced as JAL-PH-16001004. The

photographic image titled JAL-PH-16001004 is an original work of authorship. Mr. Altaan is the sole owner of the copyrights in and to the photographic image referenced as JAL-PH-16001004.

15. Plaintiff is the exclusive licensee of the photographic image titled JAL-PH-16001004 and is responsible for the exclusive administration, publication and enforcement of the copyrights in and to the photographic image referenced as JAL-PH-16001004.

16. On November 29, 2016, on behalf of Mr. Altaan, Plaintiff obtained a registration with the United States Copyright Office for the photographic image of Paris Hilton referenced as JAL-PH-16001003, Registration Number VA 2-024-780.

17. Tommy Clarke is also renown professional photographer who specializes in travel and fashion photography. His work has appeared in *Marie Claire*, *The Telegraph*, and *Condé Nast Traveler* and many others.

18. Mr. Clarke is the sole creator of a series of photographic images of the celebrity Ella Woodward, including the image referenced as TC-WE-15001003. The photographic image titled TC-EW-15001003 is an original work of authorship. Mr. Clarke is the sole owner of the copyrights in and to the photographic image referenced as TC-EW-15001003.

19. Plaintiff is the exclusive licensee of the photographic image titled TC-EW-15001003 and is responsible for the exclusive administration, publication and enforcement of the copyrights in and to the photographic image referenced as TC-EW-15001003.

20. David Nyanzi is another renowned professional photographer who specializes in street style fashion photography. His stylish works have been published in the *London Street Style* and have earned him over 100,000 followers on Instagram.

21. Mr. Nyanzi is the sole creator of a series of photographic images, including the image referenced as DN-SS-14006026. The photographic image referenced as DN-SS-140060263 is an original work of authorship. Mr. Nyanzi is the sole owner of the copyrights in and to the photographic image referenced as DN-SS-14006026.

22. Plaintiff is the exclusive licensee of the photographic image titled DN-SS-14006026 and is responsible for the exclusive administration, publication and enforcement of the copyrights in and to the photographic image referenced as DN-SS-14006026.

23. Attached hereto as Exhibit A are copies of the photographic images referenced as DN-SS-14006026, TC-WE-15001003, JAL-PH-16001004, and ACB_lottie_15-10-11_030_1CROP (hereinafter the "Copyrighted Works"). The Copyrighted works typically include copyright management information to indicate the owner of the works.

24. The photographic images referenced as JAL-PH-16001004, and ACB_lottie_15-10-11_030_1CROP are hereinafter referred to as the "Registered Copyrighted Works").

25. Copies of the registrations from the United States Copyright Office are attached hereto as Exhibit B.

26. The photographic images referenced as DN-SS-14006026 and TC-WE-15001003 are referred to as the "Unregistered Copyrighted Works").

**B.    Defendant's Unlawful Activities**

27. Upon information and belief, Defendant owns and operates a number of websites, including one located at the URL http://www.refinery29.com where it publishes articles and high-quality photographic images to lure internet and profit from advertising revenue that grows as its viewership grows.

28. Plaintiff discovered Defendant using, without authorization, Plaintiff's exclusive copyrights in a few of its photographic works. Plaintiff, through an agent, notified Defendant of its infringing conduct. While Defendant denied its conduct was willful, Plaintiff soon discovered more of its photographic works being used without a license. Thus far, Plaintiff has discovered the Copyrighted Works being reproduced, distributed, and publicly displayed at the websites located at the following URLs (the "Infringing Websites"):

- http://s1.r29static.com//bin/entry/49a/x,80/1706604/image.jpg
- http://s1.r29static.com//bin/entry/49a/426x511,80/1706604/image.jpg
- https://s.yimg.com/ny/api/res/1.2/.JMEX77uBlsr86a.mo5cIw--/YXBwaWQ9aGlnaGxhbmRlcjtzbT0xO3c9NDI2O2g9NTEx/http://media.zenfs.com/en-US/homerun/refinery29_778/5638221f4deceab67c62067d6004eeb3
- http://www.refinery29.com/celebrity-instagrams-to-follow#slide-28
- https://in.style.yahoo.com/celebs-following-instagram-195000689.html
- https://www.yahoo.com/style/celebs-following-instagram-195000689.html
- http://s1.r29static.com//bin/entry/552/x,80/1262975/image.jpg
- http://www.refinery29.com/young-british-stars#slide-12
- http://s2.r29static.com//bin/entry/7ba/0,0,460,552/340x408,80/1150464/image.jpg
- http://s1.r29static.com//bin/entry/539/0,0,460,552/340x408,80/1150464/image.jpg
- http://www.refinery29.com/2014/01/60391/lottie-moss-kate-sister-storm-model

- https://s1.r29static.com//bin/entry/cb3/x,80/1732988/image.jpg
- https://www.refinery29.com/2016/12/132718/pinterest-2017-top-fashion-trends

29. Screenshots from the Infringing Websites are attached hereto as Exhibit C.

30. Upon information and belief, the infringements at the Yahoo websites is the directly caused by Refinery 29.

31. Upon information and belief, the Infringing Websites are operated by Defendant.

32. Upon information and belief, Defendant is responsible for the unlawful reproduction, distribution, and public display of the Copyrighted Works at the Infringing Websites.

33. Having discovered one instance of infringement after the other, it is apparent to Plaintiff that Defendant's infringement of Plaintiff's copyrights is not innocuous nor accidental but the result of a business model built on serial infringement.  In its frenzy to generate interests in its websites among consumers, Defendant takes high quality photographic content belonging to others, such as that belonging to Plaintiff, without attempting to obtain authorization because, upon information and belief, it makes more business sense to Defendant to seek authorization only in the event it is caught in the act of infringement.  Defendant's unauthorized reproduction, distribution, and public display of Plaintiff's Copyrighted Works are thus knowing and willful and in reckless disregard of Plaintiff's rights and should not be rewarded.

## FIRST CLAIM FOR RELIEF
### (Direct Copyright Infringement)

34. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

35. The Registered Copyrighted Works are original works of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

36. As exclusive licensee, Plaintiff has sufficient rights, title and interest in and to the copyrights in the Registered Copyrighted Works to bring suit.

37. Upon information and belief, as a result of Plaintiff's reproduction, distribution and public display of the Registered Copyrighted Works, Defendant had access to the Registered Copyrighted Works prior to Defendant' use of the Registered Copyrighted Works at the Infringing Websites.

38. By its actions, as alleged above, Defendant has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing and publicly displaying the Registered Copyrighted Works.

39. Upon information and belief, Defendant's infringement of Plaintiff's copyrights is willful and deliberate and Defendant has profited at the expense of Plaintiff.

40. As a direct and proximate result of Defendant's infringement of Plaintiff's copyrights and exclusive rights in the Registered Copyrighted Works, Plaintiff is entitled to recover its actual damages resulting from Defendant's uses of the Registered Copyrighted Works without paying license fees, in an amount to be proven at trial.

41. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from the

infringement of the Registered Copyrighted Works, which amounts will be proven at trial.

42. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Registered Copyrighted Works, or such other amounts as may be proper under 17 U.S.C. § 504(c).

43. Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

44. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## SECOND CLAIM FOR RELIEF
### (Violation Of The Digital Millennium Copyright Act, 17 U.S.C. § 1202)

45. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

46. The Copyrighted Works included digital copyright management information in their metadata.

47. Upon information and belief, Defendant removed and/or altered copyright management information knowing or having reasonable grounds to know that such actions would conceal its infringement of Plaintiff's copyright.

48. Upon information and belief, Defendant reproduced, distributed and publicly displayed the Copyrighted Work with altered or removed copyright management information in order to facilitate or conceal the infringement of Plaintiff's copyrights.

49. Upon information and belief, Defendant's acts in violation of the Digital Millennium Copyright Act were and are willful.

50. By reason of the violations of the Digital Millennium Copyright Act committed by Defendant, Plaintiff has sustained and will continue to sustain substantial injuries.

51. Further irreparable harm is imminent as a result of Defendant's conduct, and Plaintiff is without an adequate remedy at law.  Plaintiff is therefore entitled to an injunction, in accordance with 17 U.S.C. § 1203(b), restraining Defendant, its officers, directors, agents, employees, representatives, assigns, and all persons acting in concert with Defendant from engaging in further violations of the Digital Millennium Copyright Act.

52. At its election, and in lieu of Defendants' profits derived from their violations of the Digital Millennium Copyright Act and Plaintiff's actual damages, Plaintiff is entitled to recover statutory damages in accordance with 17 U.S.C. § 1203(c)(3)(B).

53. Plaintiff is entitled to recover costs and attorneys' fees in accordance with 17 U.S.C. § 1203(b)(4) and (5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

1. A declaration that Defendant has infringed Plaintiff's copyrights under the copyright Act;

2. A declaration that such infringement is willful;

3. An accounting of all revenue earned by Defendant during the period in which it reproduced, distributed or displayed the Registered Copyrighted Works, or any portion or derivation of the Registered Copyrighted Works;

4. Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendant from its acts of copyright infringement or, in lieu thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each instance of copyright infringement;

5. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future infringement;

6. Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 505;

7. A declaration that Defendant has violated the Digital Millennium Copyright Act by intentionally removing copyright management information and intentionally providing and distributing false copyright management information to conceal infringement;

8. Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendant from its violations of the Digital Millennium Copyright Act or, in lieu thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 1203(c)(3)(B), including damages up to $25,000 for each violation of the Digital Millennium Copyright Act;

9. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future willful infringement;

10. Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. §§ 505 and 1203(b)(5);

11. Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

12. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's Copyrighted Work or to participate or assist in any such activity; and

13. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: November 9, 2018

Respectfully submitted,

By: /s/ R. Terry Parker
R. Terry Parker, Esquire
RATH, YOUNG & PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff
Lickerish Ltd.*